# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVELYN SANDERS | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-06-089-FHS-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Evelyn Sanders requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . . ." *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The Court may not reweigh the evidence nor substitute its discretion for that of the agency.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the Court must review the record as a whole, and the "substantiality of the evidence must

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities.  *Id*. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  If the claimant suffers from a listed impairment (or an impairment "medically equivalent" to a listed impairment), she is determined to be disabled without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to perform her past relevant work.  The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national and regional economies, taking into account the claimant's age, education, work experience, and RFC.  Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on September 25, 1956, and was forty-seven (47) years old at the time of the most recent administrative hearing. She has a high school education and vocational training as a nurse's aide. The claimant has previously worked as an auditor, nurse's aide and police dispatcher. She alleges she has been unable to work since December 31, 1999, due to panic attacks, depression, fibromyalgia, arthritis, headaches, asthma and diabetes.

## Procedural History

On June 26, 2000, the claimant filed an application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The application was denied. ALJ Larry M. Weber found that the claimant was not disabled on July 26, 2001, but the Appeals Council remanded for further consideration. ALJ Michael A. Kirkpatrick again found that the claimant was not disabled on August 23, 2002. This time the Appeals Council denied review, but this Court reversed and remanded at the Commissioner's request in Case No. CIV-03-206-FHS. ALJ Kirkpatrick conducted a hearing and once again found that the claimant was not disabled on September 9, 2004. The Appeals Council denied review, so the September 9, 2004 decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work, *i. e.*, that she could: lift and/or carry no more than ten pounds at a time; lift/carry small items such as docket files, ledgers, or small tools occasionally; walk and stand occasionally; sit for up to six hours of an eight hour work day; stand or walk up to two hours of an eight hour work day; and, push/pull, kneel, crouch, and crawl occasionally. The ALJ also found that the claimant should not be exposed to dangerous heights or moving machinery or operate a motor vehicle (Tr. 416, 409, 418). The ALJ concluded that the claimant was not disabled because she could return to her past work as a police dispatcher as she performed it and as it is described in the *Dictionary of Occupational Titles* (Tr. 417, 418).

## Review

The claimant contends that the ALJ erred (i) by failing to properly evaluate the medical evidence; and (ii) by finding that she has the residual functional capacity to perform her past relevant work. The undersigned Magistrate Judge finds that the ALJ *did* commit error in analyzing the medical evidence and determining the claimant's RFC.

The claimant was most recently evaluated by Dr. Subramaniam Krishnamurthi on June 4, 2004 at the request of the Commissioner (Tr. 448-59). Dr. Krishnamurthi examined the claimant personally and noted his findings in a report (Tr. 448-51), a range of motion evaluation form (Tr. 452-55), and a Medical Source Statement (Tr. 456-59). The ALJ relied heavily on these findings in evaluating the claimant's RFC, noting in particular that "Dr.

Krishnamurthi['s evaluation] is generally consistent with the performance of sedentary work" (Tr. 413). But the ALJ rejected some of the functional limitations imposed on the claimant by Dr. Krishnamurthi, *i. e.*, limitations on the use of her right hand and on her ability to sit. He found that the hand limitations were based solely on the claimant's statement "that she had not only recently fractured her right wrist, but that she needed corrective surgery[,]" and that this statement was "at great odds with the actual status of claimant's wrist, which merely exhibits a 'normal variant' in its boney structure[.]" (Tr. 414-15). The ALJ rejected Dr. Krishnamurthi's finding that the claimant could not sit for six hours, noting that "in his narrative report he recorded that it was claimant's statement that except for a need to change postural positions, she had no difficulty sitting." (Tr. 415).

The medical evidence on both these points was equivocal. As to the claimant's right hand, an X-ray report did indeed indicate that she had a "normal variant" in the boney structure that was congenital in nature (Tr. 467). But a contemporaneous treatment note indicated that the claimant had an "old fracture" and was therefore clearly supportive of Dr. Krishnamurthi's findings (Tr. 460). Instead of recontacting any of the physicians involved for an explanation of this apparent contradiction, *see* 20 C.F.R. § 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."), the ALJ simply substituted his own diagnosis for that of Dr. Krishnamurthi. This was erroneous. *See, e. g., Kemp v. Bowen,* 816

F.2d 1469, 1476 (10th Cir. 1987) ("While the ALJ is authorized to make a final decision concerning disability, he can not interpose his own 'medical expertise' over that of a physician[.]").

As to the claimant's ability to sit, Dr. Krishnamurthi's findings (at least as interpreted by the ALJ) would appear to be somewhat contradictory. The ALJ should therefore have recontacted him for an explanation. *See, e. g., McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[I]f the ALJ believed that the matter was open to question, he had an obligation under the applicable regulations to obtain additional information from Dr. Luc before rejecting the report outright."). He chose instead to adopt *only* the finding that supported a determination of non-disability, *i. e.*, that the claimant reported having no difficulty sitting if she could change positions (Tr. 415). But the ALJ provided no explanation for choosing this finding by Dr. Krishnamurthi and concluding, contrary to his other finding, that the claimant could in fact sit for six hours in a work day. Such selective use of Dr. Krishnamurthi's findings was erroneous. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").[2]

---

[2] Even if the ALJ properly concluded that the claimant *could sit* for six hours, he failed: (i) to determine and include in the RFC how often and to what extent the claimant would need to change positions; (ii) to include such limitations in the hypothetical questions posed to the vocational expert; and, (iii) to determine whether the demands of the claimant's past relevant work were consistent therewith. *See, e. g., Vail v. Barnhart*, 84 Fed. Appx. 1, 5 (10th Cir. 2003) ("The ALJ did not properly define how often Vail would need to change positions even 'as needed[.]'") [unpublished opinion].

Further, although the claimant did not raise the issue of obesity, her medical records and hearing testimony reflect she is 5'2" tall and weighs approximately 200 pounds (Tr. 197, 199, 203, 205, 298, 302, 317, 449, 474). She has been described by her doctors as obese (Tr. 298, 317, 450) and even "morbidly obese" (Tr. 302). The ALJ should therefore have discussed what effect, if any, the claimant's obesity has on the other limitations in her RFC. *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) ("Obesity is . . . a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work."), *cited in Burns v. Apfel*, 1998 WL 278535, at *3 (10th Cir. 1998) [unpublished opinion]. *See also* Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 ("Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment.").

For the reasons set forth above, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should: (i) properly resolve any ambiguities in the medical evidence; (ii) redetermine the claimant's RFC, including therein all her functional limitations; and, (iii) redetermine what work, if any, the claimant can perform and whether she is disabled.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the

Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings as set forth above. The parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 24th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**